UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IMOROU TADJOUDINE,** | Civil Action No. 16-9327 (SDW) |
| Petitioner, | |
| v. | OPINION |
| **ORLANDO RODRIGUEZ,** | |
| Respondent. | |

**WIGENTON**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Imorou Tadjoudine, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the Petition. (ECF No. 6). Petitioner did not file a reply. For the following reasons, this Court will deny the petition without prejudice.

**I. BACKGROUND**

Petitioner, Imoou Tadjoudine, is a native and citizen of Benin who applied for admission to this country at the Mexican border near Otay Mesa, California, in September 2015. (Document 1 attached to ECF No. 6 at 2). Because Petitioner was not entitled to admission as he was not in possession of a valid visa, Petitioner was taken into immigration custody at that time and placed in removal proceedings. (*Id.*). On September 27, 2016, an immigration judge entered a removal order against Petitioner. (Document 4 attached to ECF No. 6). Petitioner appealed that decision to the Board of Immigration Appeals, but the Board denied his appeal on February 8, 2017. (ECF No. 6 at 1-2).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In his habeas petition, Petitioner contends that his continued immigration detention violates Due Process. In order to address that claim, this Court must first determine the statutory basis for his detention. While 8 U.S.C. § 1226(c),[1] the statute Petitioner contends controls this matter, governs the detention of aliens who have been convicted of a crime prior to their receipt of a final order of removal, once a final order of removal is issued, an alien is instead subject to mandatory detention under 8 U.S.C. § 1231(a). Under § 1231(a), upon the entrance of a final order of removal an alien enters a ninety day statutory removal period during which the Government is statutorily

---

[1] As an arriving alien applying for admission (*See* Document 1 attached to ECF No. 6 at 2), Petitioner was actually subject to detention pursuant to 8 U.S.C. § 1225 prior to his final order of removal, not § 1226(c). Because Petitioner has now received a final order and is therefore detained pursuant to § 1231(a), however, this distinction is immaterial to the matter at hand.

required to detain the alien. *See* 8 U.S.C. § 1231(a)(2); *see also* 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, once an alien is subject to a final order of removal, his detention is governed by § 1231, unless and until he seeks review of his removal order by the Court of Appeals and is granted a stay of removal. *See* 8 U.S.C. § 1231(a)(1)(B)(ii). In this matter, Petitioner received an administratively final order of removal when the Board denied his appeal on February 8, 2017, and Petitioner entered his 90 day removal period upon that date as he has apparently not filed an appeal and stay motion with the Court of Appeals. 8 U.S.C. § 1231(a)(1)(B)(1).

Because Petitioner is subject to a final order of removal, the propriety of his detention is controlled by the Supreme Court's decision in *Zadvydas*. In *Zadvydas*, the Court observed that § 1231(a) requires the Government to detain all aliens subject to administratively final orders of removal during the statutory removal period. 501 U.S. at 683. The Court further held that the statute permits the Government to detain aliens beyond that ninety day period so long as their detention remains "reasonably necessary" to effectuate their removal. *Id.* at 689, 699. Based on these statutory provisions, the Court in turn determined that an alien may be detained under § 1231(a) for a period of up to six months following his final order of removal during which his continued detention must be presumed to be reasonable and therefore not violative of Due Process. *Id.* at 701. Thus, where a removable alien has been detained under § 1231(a) for less than six months following the entry of a final order of removal against him, his challenge must be dismissed as premature. *Id.*

In this matter, Petitioner received a final order of removal when the Board denied his appeal on February 8, 2017. As fewer than six months have passed since the entry of Petitioner's final order of removal, Petitioner is still within the six month period during which his detention under

§ 1231(a) must be presumed to be reasonable.  *Id.*  As such, Petitioner's current habeas petition is premature, and must be dismissed as such.

**III. CONCLUSION**

    For the reasons expressed above, this Court will dismiss Petitioner's petition for a writ of habeas corpus (ECF No. 1) without prejudice as premature.  An appropriate order follows.


Dated: May 8, 2017                                ***s/ Susan D. Wigenton***
                                                                 Hon. Susan D. Wigenton,
                                                                  United States District Judge